THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:21-cv-306-D

TY ATTEBERRY, )
)
          Plaintiff, )
)
v. )
)
ABBOTT LABORATORIES, INC., )
)
          Defendant. )
)

**STIPULATED CONFIDENTIALITY PROTECTIVE ORDER**

The parties anticipate producing certain confidential documents and information in response to discovery requests. Ty Atteberry ("Plaintiff"), and Abbott Laboratories, Inc. ("Defendant"), collectively "the Parties" herein, hereby stipulate to the terms of this Stipulated Confidentiality Protective Order (the "Order") to provide for the protection of documents and information which contain confidential and/or proprietary information of that Party and/or any of his/its agents, employees, partners, parent or subsidiary entities, or other related entities, or of customers or other third parties with whom that Party does business (the "Protected Persons").

The Parties stipulate to this Order to provide for the discovery of certain Confidential Information of the Protected Persons, as defined below, and to provide for the use of such Information in the above-captioned matter. Therefore, it is hereby ordered as follows:

1.     "Confidential Information" shall mean and include trade secrets, confidential, proprietary, non-public, private, commercial, medical, and/or financial information of the Protected Persons, including employment records of individuals whether Parties or Non-parties, any portion of deposition testimony by any witness (no matter by whom the witness is called), or

other information the disclosure of which may cause competitive harm to the producing Party. With respect to documents which a Protected Person contends contains Confidential Information, such documents must be specifically designated as "Confidential" at the time such documents are produced or within ten (10) days thereafter in order to be treated as "Confidential Information." In particular, each document containing Confidential Information must either be plainly stamped with the term "Confidential" or be designated as "Confidential" in a writing.

2. Deposition testimony shall be deemed Confidential only if designated as such. Such designation shall be specific as to the portions to be designated Confidential. Within fourteen (14) days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated Confidential. Thereafter, those portions so designated shall be protected as Confidential pending objection under the terms of this Order.

3. Unless otherwise ordered by the Court, or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Experts to the extent deemed necessary by counsel;

    d. Any mediator assigned to the case;

    e. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

f. The Court or the jury at trial or as exhibits to motions.

5. Before filing any information that has been designated "Confidential Information" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party that produced the information so designated about how it should be filed. If the party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with Local Civil Rule 79.2, EDNC, with notice served upon the producing party. The filing of the materials under seal shall not be binding on the Court, however.

Within 10 days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed.

The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the information.

Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

6. In accordance with the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Sections V.G and V.I.4 and Local Civil Rule 79.2 regarding the filing of sealed material: except for motions filed under seal in accordance with Section V.G.1(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies: (i) The exact document or item, or portions thereof, for which the filing under seal is requested; (ii) How such request to seal overcomes the common law or the First Amendment presumption to access; (iii) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access; (iv) The reasons why alternatives to sealing are inadequate; and (v) Whether there is consent to the motion. In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

7. All copies of Confidential Information authorized to be reproduced under this Agreement will be treated as though they were originals and the confidentiality of each copy will be maintained in accordance with the terms and conditions hereof. Copies of all documents and other tangible things containing Confidential Information derived from Confidential Information shall also be treated as Confidential Information.

8. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or

4

admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law. The Party making the confidentiality designation shall have the burden of proving to the Court that said information is properly designated as Confidential.

9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Notwithstanding this provision, counsel for the Parties may retain archival copies of his/its litigation files as part of his/its regular business practices, including all indices, pleadings, motions, exhibits, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain, or are derived or generated from, Confidential Information. This provision does not apply to a document to the extent it contains verbatim transcriptions of entire documents or recordings or images of entire documents or recordings that are designated as Confidential Information, unless they have been filed with the court or otherwise agreed by the parties. Any such archival copies of litigation files that contain, or are derived or generated from, Confidential Information are subject to this Agreement.

10. (a) The disclosure or production in this case of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

(b) Upon written notification from the producing Party to the receiving Party identifying the disclosed Privileged Material, the receiving Party shall not review or use the disclosed Privileged Material in any respect; shall within 14 days sequester, return, and delete, all

copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material); shall take reasonable steps to retrieve such Privileged Material if the receiving Party disclosed it before being notified; and shall make no further use of such Privileged Material (or work product containing such Privileged Material).

(c) If the receiving party receives documents, ESI, or other forms of information from the producing Party that, upon inspection or review, appear in any respect to contain or constitute Privileged Material, the receiving Party shall immediately stop review of such information, promptly sequester the potentially Privileged Material, and immediately return the Privileged Material to the producing Party.

(d) The receiving Party may object to the producing Party's designation of disclosed information as Privileged Material by providing written notice of such objection within seven days of its receipt of a written demand for the return of the disclosed Privileged Material. The Parties must meet and confer in good faith in an attempt to resolve any dispute regarding the designation of information as Privileged Material. If the Parties are unable to resolve any such dispute, the issue shall be resolved by the Court after an in camera review of the disclosed Privileged Material. However, the receiving Party agrees not to argue in connection with a dispute over Privileged Material that the information may not have been reviewed by the producing Party prior to its disclosure or that the producing Party did not take reasonable steps to prevent disclosure. Pending resolution of any such dispute by the Court, the receiving Party shall not review and shall not use the disclosed Privileged Material in any respect.

(e) This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to review, segregate, and withhold documents, ESI or information (including

6

Case 5:21-cv-00306-D   Document 29   Filed 10/18/21   Page 6 of 8

metadata) on the basis of relevance, responsiveness to discovery request, and/or privilege or other protection from disclosure.

11. This Agreement shall serve as a stipulation and agreement between the Parties and shall be effective immediately as to each respective Party upon signature by counsel for such Party.

IT IS SO ORDERED, this 18th day of October, 2021.

Robert B. Jones, Jr.
United States Magistrate Judge

Prepared, presented, and stipulated to by:

Date: October 13, 2021

TY ATTEBERRY

By: */s/ William S. Terpening*
William S. Terpening NCB# 36418
TERPENING LAW PLLC
221 W. 11th Street
Charlotte, NC 28202
Telephone: (980) 265-1700
terpening@terpeninglaw.com

*Counsel for Plaintiff*

Date: October 13, 2021

ABBOTT LABORATORIES INC.,

By: */s/ J Stanton Hill*
J Stanton Hill
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Telephone: (404) 704-9657
Fax: (404) 892-7056
shill@seyfarth.com
Georgia Bar. No. 519958

Nancy E. Rafuse
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Telephone: (404) 704-9653
Fax: (404) 892-7056
nrafuse@seyfarth.com
Georgia Bar. No. 621717

7

William B. Hill, Jr.
SEYFARTH SHAW LLP
1075 Peachtree St. NE, Suite 2500
Telephone: (404) 704-9655
Fax: (404) 892-7056
wbhill@seyfarth.com
Georgia Bar. No. 354725

*Counsel for Defendant*


Keith M. Weddington
Parker Poe Adams & Bernstein LLP
Bank of America Tower
620 South Tryon Street, Suite 800
Charlotte, NC 28202
Telephone: (704) 335-9035
Fax: (704) 334-4706
keithweddington@parkerpoe.com
NC State Bar No. 14352

*Local Civil Rule 83.1(d) Counsel for Defendant*